**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY J. SCICCHITANO, JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-1163 |
| | ) | Judge David S. Cercone |
| UNIONTOWN POLICE DEPT., | ) | Chief Magistrate Judge Maureen P. Kelly |
| UNIONTOWN DISTRICT ATTORNEY | ) | |
| OFFICE, and MAYOR OF UNIONTOWN, | ) | |
| *City of Uniontown,* | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

At the time of the initiation of the present civil action, Anthony Scicchitano Jr. ("Plaintiff") was a state prisoner, incarcerated at the State Correctional Institution in Albion ("SCI-Albion"). Plaintiff has filed a civil rights Complaint, naming three defendants: the Uniontown Police Department, the Uniontown District Attorney Office and the Mayor of Uniontown. Plaintiff complains that the events giving rise to this civil action occurred in 2006, 2007 and 2008.

Because the Complaint on its face demonstrates that the civil action is time barred, the Complaint fails to state a claim upon which relief can be granted and should be dismissed for violating the applicable two-year statute of limitations.

## A. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.   The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious.  <u>See</u> <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996).  Because Plaintiff is a prisoner who has been granted IFP status, ECF No.  2, and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply.  <u>See</u> 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that –  (A) the allegation of poverty is untrue;  or  (B) the action or appeal –  (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or  (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) and 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u>, <u>e.g.</u>, <u>Brodzki v. Tribune Co.</u>, 481 F. App'x  705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); <u>Courteau v. United States</u>, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal

standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions."); Montanez v. Pa. Health Care Service Staffs, Civ.A. No. 09-1547, 2011 WL 7417026, at *2 (W.D. Pa. Dec. 14, 2011), *report adopted by*, 2012 WL 602938 (W.D. Pa. Nov. 23, 2012).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

## B. DISCUSSION

### 1. The Allegations of the Complaint

The Complaint's factual alleges are as follows:

> In 2006, 2007 I was living at 300 N. Gallitin Avenue, Uniontown, Pa. 15401. And in that time span, I was seen by Chestnut Ridge Counseling Service, 100 New Salem Road, Suite 116, Uniontown, Pa. 15401. And in that time I was on medication for my Bi Polar. Now the medication I was on was for me to sleep at night and control my mood swings. (1) And in that time at night, I was forced to have sex with my stepdaughter, and my wife at the time. (2) This was not willing because I was under a hea[v]y dose of medication. (3) And when I woke up it was to [sic] late, it already happen [sic]. (4) I wrote to Uniontown Police Dept. (Fayette County) and told them I wanted to press charges but I never got a response from them.

ECF No. 3 at 2 - 3. Plaintiff also complains that he "wrote to the Uniontown District Attorney Office (Fayette County) several times and told them I wanted to press charge. But I never got a response back from them." Id. at 6 – 7.

Plaintiff complains about the Defendant Mayor as follows:

> Mayor of Uniontown (City of Uniontown) failed to fire law obeying citizen of doing there [sic] duties.  The Uniontown Police Dept. [and] the Uniontown District Attorney Office failed to press charges against two people for sexually assaulting [and] raping a mentally ill person.  As the defendant [i.e., Plaintiff] wrote to these people a few times asking [and] pleading to look into this matter.

Id. at 10.

When asked on the form Complaint what federal law, Plaintiff claims was violated, he replied "failing to respone [sic] to a act against a person with a mental disability."  Id. at 2.

### 2.  The Legal Basis for the Complaint.

Giving Plaintiff's Complaint the liberal construction that is required of a pro se Plaintiff, we deem Plaintiff's Complaint to be making a claim under the substantive due process protections of the Fourteenth Amendment to the United States Constitution for the Defendants' alleged failure to protect him.  See, e.g., Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006) (setting forth the elements of a failure to protect claim).[1]

---

[1]  The United States Court of Appeals for the Third Circuit explained that

> To establish a prima facie case of a Fourteenth Amendment violation on this failure to protect theory, a plaintiff bears the burden of proving the following four elements:
>
> > (1) the harm ultimately caused was foreseeable and fairly direct;
> > (2) a state actor acted with a degree of culpability that shocks the conscience;
> > (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable member of the defendant's acts or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

(…footnote continued)

5

Although Plaintiff does not specifically mention the Civil Rights Act of 42 U.S.C. § 1983, because he is apparently seeking to vindicate his Fourteenth Amendment rights and he does not have a cause of action directly under the Constitution, a liberal reading of the Complaint requires the court to construe his Complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

### 3. The Complaint is Time Barred.

All of Plaintiff's allegations of wrongdoing concern actions or inactions taken by the Defendants over the course of three years, namely, 2006, 2007 and 2008.

As noted above we deem Plaintiff to be invoking the Court's jurisdiction under 42 U.S.C. § 1983. The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.

---

(4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Bright, 443 F.3d at 281 (internal quotations and citations omitted).

Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be had. See, e.g., Mumma v. High–Spec, 400 F. App'x 629, 631 n. 1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001). In the instant case, the bar of the statute of limitations is apparent from the face of the Complaint.

Pursuant to the prisoner mail box rule, the earliest that Plaintiff is deemed to have filed the instant Complaint is September 1, 2015, the date he signed his IFP Motion. ECF No. 1 at 1. The latest date of alleged wrongdoing by the Defendants occurred on or before December 31, 2008. As such, Plaintiff's cause of action accrued on December 31, 2008, at the latest. Therefore, he had until December 31, 2010, to bring his claims. He failed to do so. Accordingly, the Complaint is barred by the two year statute of limitations and must be dismissed for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Complaint be dismissed before being served pursuant to the screening provisions of the PLRA for failing to state a claim upon which relief can be granted. The dismissal should be with prejudice as amendment would be futile.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation.

Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant

Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right

to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in

accordance with Local Civil Rule 72.D.2.

<div style="margin-left: 40%;">

Respectfully submitted:


s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

</div>

Date:   October 15, 2015

cc:     The Honorable David Stewart Cercone
        United States District Judge


        Anthony J. Scicchitano, Jr.
        KB-9484
        Unit FA-13
        SCI Frackville
        10745 Route 18
        Albion, PA 16475